IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ARMAN MOMAND,**

    Petitioner,

v.                                                                                                     Civil Action No. 3:25cv715

**JEFF CRAWFORD,** *et al.*,

    Respondents.

## MEMORANDUM ORDER

Petitioner, a federal detainee with counsel, submitted a petition under 28 U.S.C. § 2241 and paid the full filing fee. On September 12, 2025, the Court directed Petitioner to submit, within ten (10) days of the date of entry thereof, a petition that complies with Rule 2(c)(5) of the Rules Governing § 2254 Cases in U.S. District Courts. (ECF No. 11.) On September 22, 2025, counsel for Petitioner filed another petition that does not comply with Rule 2(c)(5). (ECF No. 13.)

Rule 2(c)(5) of the Rules Governing Section 2254 Cases[1] requires that petitions pursuant to 28 U.S.C. § 2254 "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing § 2254 Cases in U.S. District Courts, Rule 2(c)(5). The Advisory Committee Notes to Rule 2(c) explain: "The Committee envisions that the courts will apply third-party, or 'next-friend,' standing analysis in deciding whether the signer was actually authorized to sign the petition on behalf of the petitioner." *Id.*, Advisory Committee Notes, 2004 Amend. "[A] 'next friend' does not

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

himself become a party to the habeas corpus action in which he participates, but simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Hamdi v. Rumsfeld*, 294 F.3d 598, 603 (4th Cir. 2002) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990)). "[T]he availability of next friend standing as an avenue into federal court is strictly limited." *Id.*

To establish "next friend" standing, (1) the "'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action,'" and (2) the "next friend" must also establish that he is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate" and has "a significant relationship with the real party in interest." *Id.* at 603–04 (quoting *Whitmore*, 495 U.S. at 163–64). "The burden is on the 'next friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court.'" *Id.* at 603 (quoting *Whitmore*, 495 U.S. at 164).

Petitioner's current submission fails to demonstrate that counsel qualifies as a "next friend" and again fails to comply with Rule 2(c)(5). Counsel's assertion that she submitted the petition "on behalf of the Petitioner because [she is] the attorney for Petitioner" is insufficient to qualify counsel as Petitioner's "next friend." (ECF No. 13, at 23.) Accordingly, Petitioner is DIRECTED to submit, within twenty-one (21) days of the date of entry hereof, a petition complying with Rule 2 or argument as to why counsel should qualify as a "next friend."

Failure to comply with this order shall result in dismissal of the action. *See* Fed. R. Civ. P. 41(b).

The Clerk is DIRECTED to send a copy of this Memorandum Order to counsel for Petitioner.

And it is so ORDERED.

/s/
M. Hannah Lauck
United States District Judge

Date: 09/24/2025
Richmond, Virginia